IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

INGRID FOSTER

    v.                                      C.A. NO. 12-6503

WELLS FARGO BANK

MEMORANDUM OPINION AND ORDER

SCHMEHL, J.                                                  OCTOBER 16, 2013

       Plaintiff brought this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq., claiming she was terminated by defendant Wells Fargo Bank ("Wells Fargo") because she is a black Jamaican female. Presently before the court is Wells Fargo's motion to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, the motion is granted.

       In reviewing a motion under Rule 12(b)(6), the court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). The court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinkerton v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

       In Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id at 555. The Supreme Court emphasized that it would not require a "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In the subsequent case of Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009), the Supreme Court enunciated two fundamental principles applicable to a court's review of a motion to dismiss for failure to state a claim. First, it noted that "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. Thus, although "[Federal] Rule [of Civil Procedure] 8 marks a notable and generous departure from the hyper-technical code-pleading regime of a prior era . . .it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1950. Second, the Supreme Court emphasized that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. In a post-Twombly world, a court is to "disregard rote recitals of the elements of a cause of action, legal conclusions and mere conclusory statements." James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012).

According to the amended complaint, plaintiff was an independent contractor assigned by her agency to Wells Fargo where she worked as a business training consultant. Am. Compl. at ¶¶3, 4. Plaintiff alleges that she is a member of a protected class and that she was qualified for the position she held with Wells Fargo. Id. at ¶¶ 5-6. Plaintiff alleges that she was terminated from her position with defendant with no notice or sanction prior to her termination.

Id. at ¶9. Plaintiff was later informed by her agency supervisor, Keith Smoak, that she was terminated pursuant to Wells Fargo's harassment policy because an employee at Wells Fargo had accused plaintiff of inappropriate touching. Id. at ¶¶14,15.

Smoak did not agree with the decision to terminate plaintiff and e-mailed Wells Fargo for details surrounding the accusation. Id. at ¶16. Wells Fargo did not respond to Smoak's inquiry. Id. Plaintiff alleges that the "so-called 'harassment investigation' conducted by the Defendant did not comply with federal EEO guidelines, as defined in the EEOC's Enforcement Guidance on Vicarious Employer Liability for Unlawful Harassment by Supervisors ("Enforcement Guidance") issued on June 18, 1999, at No. 915.002." Id.

According to plaintiff, she was later told by Smoak that "if she was a full time employee with defendant, all facts surrounding the accusation would have been revealed to her and that she would most likely not have been terminated and instead placed in counseling." Id. at ¶17.

Plaintiff alleges that she "believes, and therefore avers", that: 1) "she has never showed inappropriate behavior nor ever inappropriately touched another co-worker, and was never informed by any person of any such activity on her part or to cease any such alleged activity." Id. at ¶19; 2) " no proper investigation was done on behalf of the accusations of sexual harassment because she is a black Jamaican female." Id. at ¶22; and 3) "had a male employee or other employee not in her protected class been accused of such harassment allegations,. . . a proper investigation would have been conducted." Id. at ¶29.

Plaintiff alleges that she was terminated for pretextual reasons. Id. at ¶7. According to plaintiff, following her termination, her work was distributed to other co-workers

all of whom were white, except for one Hispanic female. Id. at ¶ 20.

In evaluating plaintiff's discrimination claim[1], the court applies the three-part burden-shifting framework articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under the first prong of the McDonnell Douglas analysis, a plaintiff must meet his initial burden of establishing a *prima facie* case of discrimination. Jones v. Sch. Dist. of Phila, 198 F.3d 403, 410 (3d Cir. 1999). Next, the burden of production shifts to the defendant to "articulate some legitimate, nondiscriminatory reason for the employee's [termination]." McDonnell Douglas, 411 U.S. at 802. Finally, the burden shifts back to the plaintiff who "must . . . show by a preponderance of the evidence that the employer's explanation is pretextual." Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir. 1994). In order to show pretext, plaintiff must produce evidence from which a factfinder could: (1) disbelieve the employer's articulated reasons; or (2) believe that discrimination was more likely than not a motivating or determinative cause of the employer's action. Id. at 764. Throughout the McDonnell Douglas analysis, the burden of persuasion remains on the employee. Starceski v. Westinghouse Electgric Corp., 54 F.3d 1089, 1095 (3d Cir. 1995).

Wells Fargo concedes, for purposes of the motion to dismiss, that plaintiff has set forth a *prima facie* case of discrimination. (Def.'s Mem. at 6.) The court further finds that defendant has articulated a legitimate nondiscriminatory reason for terminating plaintiff---she harassed an employee of Wells Fargo through inappropriate touching. Therefore, resolution of the motion to dismiss turns entirely on whether plaintiff has adequately alleged that Wells

---

[1] Defendant assumes, for purposes of this motion only, that plaintiff, as an independent contractor to rather than an employee of defendant, can still assert claims against Wells Fargo under Title VII and the PHRA. See, e.g. Brown v. J. Kaz, Inc., 581 F.3d 175, 181 (3d Cir. 2009).

4

Fargo's legitimate non-discriminatory reason for taking adverse action against plaintiff was pretextual. The court finds the plaintiff's allegations, based almost entirely on subjective belief, fail to provide any factual content that would allow the factfinder to disbelieve the Wells Fargo's reason or to conclude that plaintiff's race, national origin or sex was a determinative factor in Wells Fargo's decision to terminate plaintiff.

In the first instance, plaintiff herself alleges that she was told by Smoak "that if she was a full time employee with Defendant, all facts surrounding the accusation would have been revealed to her and that she would have most likely not been terminated, and instead placed in counseling." Am. Compl. at ¶17. By making this allegation, plaintiff basically admits that she was terminated not because she was a black Jamaican female, but because she was not a full time employee of the defendant.

To support her contention that defendants legitimate non-discriminatory reason for terminating her( inappropriate touching/harassing another employee) was pretextual, plaintiff merely asserts, in conclusory fashion, that she "believes, and therefore avers," that she suffered adverse action "because she is a black Jamaican female" Am. Compl at ¶22. However, plaintiff's subjective belief that race played a role in an employment decision is insufficient to establish an inference of discrimination. See e.g. Jones v. United Parcel Serv., 214 F.3d 402, 407 (3d Cir. 2000). Indeed, plaintiff fails to allege a single instance where she was treated differently from other similarly situated members of a non-protected class.

Plaintiff alleges that she "believes, and therefore avers," that she has never showed inappropriate behavior nor ever inappropriately touched another co-worker. Am. Compl. at ¶19. However, the fact that an employee may disagree with an employer's decision to

5

terminate her does not prove pretext. "To discredit the employer's proffered reason. . . the plaintiff cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent or competent." Fuentes, 32 F.3d at 765.

Plaintiff's assertion that defendant's "so-called 'harassment investigation' did not comply with the Enforcement Guidance is also nothing more than "a mere conclusory statement" and a legal conclusion that is not entitled to weight under Iqbal. In fact, the court notes that, the Enforcement Guidance, by its own title, appears to only address employer liability under Title VII for the harassing conduct of *supervisors*, not *co-workers*.

Plaintiff also states that "[p]retrial discovery will reveal that plaintiff was singled out for extremely harsh treatment"; that "it remains to be seen whether any Caucasian employee was ever similarly terminated for such flimsy reasons"; and that a "jury should be allowed to consider whether the conditions made applicable to the Plaintiff differed from those of her similarly-situated white co-workers." (Pl.'s Mem. at 6.) Plaintiff has simply failed to allege enough facts in her amended complaint to raise a reasonable expectation that discovery will reveal evidence of pretext. The court will not permit plaintiff to file first and then conduct discovery in the hope that it might turn up something to state a claim. Rather, plaintiff must allege facts in her amended complaint that would support her claims.

Since the allegations in plaintiff's amended complaint amount to no more than "rote recitals of the elements of a cause of action, legal conclusions and mere conclusory statements," the amended complaint is dismissed. James, supra; see also Iqbal, supra.